TAGGED OPINION
(NOT PUBLISHED)



**ORDERED in the Southern District of Florida on July 06, 2010.**

Laurel M. Isicoff, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:                                                                 CASE NO. 09-35347-BKC-LMI

JORGE VALLS,                                                   Chapter 13

        Debtor.
_____/

**ORDER ON DEBTOR'S MOTION TO VALUE AND DETERMINE
SECURED STATUS OF LIEN ON REAL PROPERTY GRANTING
<u>DEBTOR'S REQUEST TO STRIPOFF LIEN</u>**

     This matter came before the Court for evidentiary hearing on May 19, 2010 on the Debtor's Motion to Value and Determine Secured Status of Lien on Real Property (DE #19). The Court having considered the evidence presented at trial, the argument of counsel, including post-trial submissions, as well as the case law and other matters the Court deemed appropriate in rendering its decision, the Court finds that the value of the Debtor's homestead as of the Petition Date was $140,000.[1]

---

[1] Determination of valuation is based on the "the purpose of the valuation and the proposed disposition or use of such property." 11 U.S.C. §506(a)(1). While there is a split of authority regarding what is the appropriate valuation date for purposes of a Chapter 13 lien strip, *compare In re Stembridge*, 394 F.3d 383 (5th Cir. 2004) (auto); *In re Martinez,* 409 B.R. 35 (Bankr. S.D.N.Y. 2009) (auto); *In re Young*, 390 B.R. 480 (Bankr. D. Me. 2008) (real property); *In re Keenan*, 364 B.R. 786 (Bankr. D.N.M. 2007) (real property); *In re Dean,* 319 B.R. 474 (Bankr. E.D. Va. 2004) (real property) (petition date) *with In re Reese*, 428 B.R. 508 (Bankr. E.D. Mo. 2010) (auto); *In re*

The Debtor seeks to value his homestead for purposes of stripping off what he claims is a wholly unsecured lien on his homestead held by Wells Fargo Bank, N.A., securing a debt of $95,087.31. The Debtor alleges in the motion that the value of the homestead is $140,000 and that the debt owed to the holder of the first mortgage, Wells Fargo Home Mortgage, is $156,291. The legal description of the homestead is 17434 SW 138th Court, Lot 14, Blk 1, of Weitzer Serena Lakes Estates PB 150-53, Miami, FL 33177.

The matter was set for evidentiary hearing at which the Debtor and two appraisers testified. At trial, the Court was presented with four appraisals. Two appraisals were prepared for the Debtor - one dated August 29, 2009 for $140,000 and one dated April 1, 2010 for $130,000. Two appraisals were prepared for the lender, Wells Fargo Bank. One appraisal is dated February 2, 2010 for $168,000.[2] The second appraisal was dated May 18, 2010 for $175,000. The appraiser who prepared the $140,000 appraisal, Mr. Betancourt, testified, and the appraiser who prepared the $175,000 appraisal, Mr. Peña, testified.

The tremendous disparity in the appraisal amounts underscores the tenuous nature of the information on which the Court must rely. Both appraisers were qualified as experts, and each of their appraisals were admitted. They did use different comparables, however, and made different assumptions, and, obviously, came to very different conclusions.

The Court chooses to accept the August 2009 appraisal as the most reliable because it is closest in time to the Petition Date. Moreover, the methodology used by Mr. Betancourt seems

---

*Wcislak*, 417 B.R. 24 (Bankr. N.D. Ohio 2009) (auto); *In re Nice*, 355 B.R. 554 (Bankr. N.D. W. Va. 2006) (auto); *In re Mitchell*, 320 B.R. 687 (Bankr. E.D. Mo. 2005) (auto); *In re Spraggins,* 316 B.R. 317 (Bankr. E.D. Wisc. 2004) (auto); *In re Kennedy*, 177 B.R. 967 (Bankr. S.D. Ala. 1995) (auto) (confirmation date or date of valuation hearing), the Court finds that under the facts of this case, where the Debtor seeks to keep his home, it is appropriate to use the petition date as the relevant valuation date. *See In re Young*, 390 B.R. at 488 (In order to determine the value of a secured claim – that is, the extent of the creditors' interest in the Estate's interest in the property – "we must know the value of estate's interest in the real property on the petition date."); *In re Dean,* 319 B.R. 474 (when the debtors intended to maintain their residence the petition date was the appropriate valuation date).

[2] Interestingly enough, this appraisal was introduced by the Debtor, even though Wells Fargo Bank did not seek its introduction because the appraiser was not available to testify.

more reliable than that used by Mr. Peña. While the Court recognizes that Mr. Peña's comparables were within the subdivision in which the homestead is located while Mr. Betancourt's comparables were just outside the subdivision, Mr. Betancourt testified he eliminated the top five and bottom five comparables in calculating his value. Mr. Peña conceded that the average sales in the area are $145,000 but he used units identical to, or virtually identical to, the Debtor's residence to come to value. However, of Mr. Peña's three comparables, one was a short sale and one was REO, and so the average he calculated appears to be skewed upward.

Although both appraisers testified that values in the area are declining, or, at best, stable, the Court does not find it appropriate to adjust Mr. Betancourt's value. The valuation of property, such as it is, is one in which the Court will not independently engage. Moreover, it would be mere speculation for the Court to try to determine how much, if at all, the homestead dropped in value from August 2009 to November 2009.

Wells Fargo Bank also argues that the Debtor failed to establish the amount of the first mortgage. While perhaps Wells Fargo Bank and Wells Fargo Home Mortgage are not the same entity, it is safe to say that they are, in all likelihood, affiliated. If Wells Fargo Bank truly disputes whether the First Mortgage was less than $140,000 on the Petition Date, the Court will reopen the evidentiary hearing on that one issue.[3] If Wells Fargo Bank chooses to dispute that issue, Wells Fargo Bank is directed to file a motion to reconsider within fourteen (14) days of the date of this Order.

Regardless of whether the Debtor or Wells Fargo Bank had the burden of proof on the issue of value, *compare In re Sneider*, 407 B.R. 46 (Bankr. S.D.N.Y. 2009) (Creditor has the ultimate burden to prove value), *accord In re Santiago*, 404 B.R. 564 (Bankr. S.D. Fla. 2009)

---

[3] *See Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321 (1971) (It is within a trial court's discretion to reopen a case to allow submission of additional proof).

*with In re Young*, 390 B.R. 480 (Bankr. N.D. Me. 2008) (the debtor bears the ultimate burden of proof on value), the Court finds that the Debtor has met its burden and that Wells Fargo Bank has not and that

1. The value of the homestead was $140,000.00 as of the Petition Date;

2. the amount of the first mortgage on the Petition Date was $156,291.00;

3. lender has an allowed secured claim in the amount of $0. Because Lender's secured interest in the Real Property is $0, Lender's mortgage recorded on April 2, 2008 in OR BOOK 26301, Page 4310 of the Official Records of Miami-Dade County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the Debtor's discharge in this chapter 13 case. If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Wells Fargo Bank's mortgage will no longer be considered void and shall be restored as a lien on the homestead.

4. Lender filed a proof of claim in this case. It shall be classified as a secured claim in the amount provided in paragraph 3, above, and as a general unsecured claim in the amount of $95,087.31[4], regardless of the original classification in the proof of claim as filed.

5. The homestead may not be sold or refinanced without proper notice and further order of the Court.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the Debtor receives a discharge in this chapter 13 case.

# # #

---

[4] The Debtor filed an objection to the claim of Wells Fargo Bank, N.A. stating the claim should be stricken because it was being paid outside the plan (DE #45). Wells Fargo Bank responded (DE #68). The objection to claim was not set for hearing, however, the Debtor did not object to the amount of the claim. Therefore, since there is no objection to the amount of the claim, Wells Fargo Bank is entitled to an unsecured claim in the amount of its now unsecured debt.

Copies furnished to:
Laila Gonzalez, Esq.
Larry Foyle, Esq.